IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES PRIDE,

                ORDER

      Plaintiff,

                10-cv-506-bbc

  v.

CITY OF EAGLE RIVER, WISCONSIN;
JEFF HYSLOP, Mayor; EAGLE RIVER ZONING,
FRED INTERMUEHLE; JOE LAUX, Eagle River
Zoning Administrator; JERRY BURKET;
GEORGE MEADOWS; KIM SCHAFFER;
CAROL HENDRICK, Eagle River Alderman;
DEB BROWN, Eagle River City Clerk;
EAGLE RIVER LIGHT AND WATER;
LON BUSHI, Eagle River Light and Water Director;
PAT WEBER, Eagle River Light and Water Manager;
and other employees to be specified;
EAGLE RIVER PUBLIC WORKS;
JOE TOMLANOVICH, Eagle River Public
Works Director; MIKE ADAMOVICH, Eagle River
Public Works Manager; and other employees to be specified;
MIDSTATE ENGINEERING; SCOT MARTIN, Midstate
Engineering Engineer; EAGLE RIVER PLANNING
COMMISSION, various members to be specified;
BLACKHAWK ENGINEERING; GREG HUZA;
O'BRIEN, ANDERSON, BURGY & GARBOWICZ;
and STEVE GARBOWICZ, Eagle River City Attorney.

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

This is a proposed civil action for monetary relief, brought under 42 U.S.C. § 1983. Plaintiff, Charles Pride, a resident of Eagle River, Wisconsin, asks for leave to proceed in forma pauperis and has supported his request with an affidavit of indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.
- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.
- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.
- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.
- Substantial assets or debts require individual consideration.

In this case, plaintiff has no dependents. He is self employed and his monthly income is $0. Plaintiff has no substantial assets or home equity and has less than $100 in a checking or savings account. Therefore, I conclude that plaintiff is unable to prepay the fees and costs of instituting this lawsuit.

Accordingly, IT IS ORDERED that plaintiff Charles Pride's complaint is taken under advisement. As soon as the court's calendar permits, plaintiff's complaint will be screened pursuant to 28 U.S.C. § 1915 to decide whether to grant plaintiff leave to proceed on it.

Leave will not be granted if the action must be dismissed as malicious or legally "frivolous," a term that means that the complaint does not allege a claim of any kind. Leave can be denied also if the complaint does not state a claim on which plaintiff could obtain relief under the law or if plaintiff is asking for money from a defendant who is legally protected from having to pay money in his case. Plaintiff will be notified promptly when such a decision has been made. In the meantime, if plaintiff needs to communicate with the court about his case, he should be sure to write the case number shown above on his communication.

Dated this 15th day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3