IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES PRIDE,

                      Plaintiff,

      v.

CITY OF EAGLE RIVER, WISCONSIN;
JEFF HYSLOP, Mayor; EAGLE RIVER ZONING,
FRED INTERMUEHLE; JOE LAUX, Eagle River
Zoning Administrator; JERRY BURKET, Alderman;
GEORGE MEADOWS, Alderman;
KIM SCHAFFER, Alderman;
CAROL HENDRICK, Alderman;
DEB BROWN, Eagle River City Clerk;
EAGLE RIVER LIGHT AND WATER;
LON BUSHI, Eagle River Light and Water Director;
PAT WEBER, Eagle River Light and Water Manager;
and other employees to be specified;
EAGLE RIVER PUBLIC WORKS;
JOE TOMLANOVICH, Eagle River Public
Works Director; MIKE ADAMOVICH, Eagle River
Public Works Manager; and other employees to be specified;
MIDSTATE ENGINEERING; SCOT MARTIN, Midstate
Engineering Engineer; EAGLE RIVER PLANNING
COMMISSION, various members to be specified;
BLACKHAWK ENGINEERING; GREG HUZA;
O'BRIEN, ANDERSON, BURGY & GARBOWICZ;
and STEVE GARBOWICZ, Eagle River City Attorney.

                      Defendants.

ORDER

10-cv-506-bbc

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a proposed civil action for monetary and injunctive relief in which plaintiff Charles Pride, who is proceeding pro se, alleges violations of his constitutional rights by more than 20 defendants associated with the City of Eagle River, Wisconsin. Plaintiff has also filed a motion for preliminary injunctive relief, dkt. #3. Because plaintiff is proceeding without prepayment of costs under the in forma pauperis statute, 28 U.S.C. § 1915, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the proposed complaint, I conclude that plaintiff may not proceed on his claims at this time because his complaint violates Fed. R. Civ. P. 8 and likely Rule 20 as well. I will give plaintiff an opportunity to file a complaint that complies with these rules. In addition, because I cannot determine whether plaintiff may proceed with this lawsuit, I will deny his motion for preliminary injunctive relief at this time.

DISCUSSION

Fed. R. Civ. P. 8(a)(2) requires a complaint to include "a short and plan statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is rooted in fair

2

notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775 (7th Cir. 1994) (citations omitted).

Fed. R. Civ. P. 20(a) governs the number of parties a plaintiff may join in any one action. It provides that a plaintiff may sue more than one defendant when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants." Rule 20(a) prevents plaintiffs from filing a "buckshot complaint." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). For example, if a plaintiff filed "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions," the complaint would be rejected because the defendants would not be properly joined under Rule 20(a)(2). Id.

Plaintiff's 26-page, single-spaced complaint alleges a plethora of factual allegations and asserts several violations of his rights under the constitution and state law. For example, he alleges several unconstitutional takings of his property without due process or just compensation, in violation of the Fifth Amendment. These alleged takings have occurred over a 30-year period, and were caused by unlawful zoning, utility regulations, special assessments, application of eminent domain and other procedures. Plaintiff also alleges violations of city and state land use planning regulations, unconstitutional searches of his

3

property, defamation and retaliation over a 30-year period. To answer the complaint, defendants would have to sift through plaintiff's allegations and guess at what claims plaintiff is asserting against each of them. In addition, plaintiff is bringing claims against more than 20 defendants, but it is unclear what each defendant has done to violate plaintiff's rights. Rule 8's requirements bar plaintiff from proceeding with such allegations. Finally, although it is difficult to tell from plaintiff's rambling allegations, it is highly unlikely that a claim against each defendant arose out of the same transaction or series of transactions, especially because plaintiff's complaint spans 30 years.

Because plaintiff's complaint does not comply with Rule 8 and possibly violates Rule 20 as well, I will dismiss it. However, this dismissal will be without prejudice. Plaintiff is free to file an amended complaint in which he sets out his claims against each of the defendants in short and plain statements. Plaintiff should simply state (1) what acts he believe violated his rights; (2) what rights were violated; (3) who committed those acts; and (4) what relief he wants the court to provide. He should state the *facts* of what actually happened rather than provide legal commentary or conclusions that his rights were violated. For the purpose of Rules 8 and 20, plaintiff should number each paragraph, organize each of his claims separately and explain what defendants are involved in each claim, so each defendant can understand the claims against him or her.

One final note. Several of plaintiff's claims arise out of alleged takings of his property

4

without due process or just compensation. Federal courts may not adjudicate takings disputes unless the plaintiff has pursued and exhausted all of his state remedies. Muscarello v. Ogle County Board of Commissioners, 610 F.3d 416, 422 (7th Cir. 2010) (citing Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 186-95 (1985)). This means that before filing a takings claim in federal court, "the property owner has (1) obtained a final decision from the relevant governmental entity regarding the application of the land use regulations at issue to the property in question, and (2) sought compensation for the taking through the procedures the state has provided for obtaining such compensation." Behavioral Institute of Indiana, LLC v. Hobart City of Common Council, 406 F.3d 926, 930 (7th Cir. 2005) (citing Williamson County, 473 U.S. at 186-95). Depending on the circumstances, a plaintiff challenging a county's or municipality's land use decision in Wisconsin has several possible state court remedies, including a statutory certiorari review of the decision, Wis. Stat. § 59.694(10), or a suit for inverse condemnation under Wisconsin statutory law or the state constitution. Wis. Stats. § 32.10; Wis. Const. art. I, sec. 13. Thus, if plaintiff chooses to include his takings claims in his amended complaint, he must allege whether he has obtained a final decision from the relevant government entities regarding the various actions against him and whether he has sought compensation or other remedies in state court.

        Plaintiff may have until October 6, 2010 to submit a proposed amended complaint.

If plaintiff fails to submit a proposed amended complaint by October 6, 2010, I will direct the clerk of court to dismiss the case.

ORDER

IT IS ORDERED that

1. Plaintiff Charles Pride's complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8 and 20. Plaintiff may have until October 6, 2010 to submit a proposed amended complaint. If plaintiff fails to submit a proposed amended complaint by October 6, 2010, the clerk of court will enter judgment dismissing this case.

2. Plaintiff's motion for preliminary injunctive relief, dkt. #3, is DENIED without prejudice.

Entered this 23d day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6